In the Matter of FRANK L. MILLER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 3, 1979

## APPEARANCES OF COUNSEL

*Michael Alan Schwartz* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

*Daniel Markewich* of counsel *(Markewich, Rosenhaus, Markewich & Friedman, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Respondent, now approximately 74 years old, was admitted to practice in the Second Judicial Department on December 29, 1927. In a prior disciplinary proceeding, he was suspended for six months, effective April 18, 1977. Because of the present charges against him, as noted below, he has not as of this date been reinstated.

Petitioner Bar Association moves (1) to confirm so much of the Referee's report as sustains a charge against respondent of professional misconduct on the ground of conversion and (2) to disaffirm so much of the report as recommends a penalty less than disbarment. Petitioner seeks respondent's disbarment.

Petitioner's motion is consolidated with motion of respondent for reinstatement from the suspension still in effect. In the proceeding that resulted in the suspension, respondent was charged with professional misconduct, in that in December, 1969 to January, 1970 he allegedly used for his own personal purposes, without permission, the proceeds of a check in sum of $31,200 he received in escrow for the payment of a mortgage on his client's property. The petition and charge in that matter were served upon respondent in April, 1976. Following a hearing before a Referee, respondent was found guilty of the charge. Upon motion of petitioner, we confirmed the Referee's report and on February 17, 1977 issued an order of suspension for six months, which became effective April 18, 1977. The record disclosed that respondent made complete restitution in the matter, although not until a consent judgment was entered.

Respondent's motion for reinstatement was made October, 1977 but was held in abeyance pending completion by petitioner of inquiry into two "new" matters that came to petitioner's attention after entry of the order of suspension.

Delay in concluding these two "new" matters was due in large measure to respondent, who asked for postponements of various interview appointments, sought adjournments of hear-

ing dates, and after the hearing was completed, requested and obtained reopening of the hearing for the purpose of submitting "further" evidence.

One of the two "new" matters arose after respondent's suspension. It involved a complaint for return, *quantum meruit,* of professional fees received by respondent prior to his suspension. The case was closed administratively by petitioner in January, 1978, as a matter to be resolved in a lawsuit.

The other "new" matter is the one now before us. In this, respondent was charged, *inter alia,* with (1) conversion in February, 1977 of escrow funds received from a client, (2) failure to maintain a proper escrow account and (3) failure to segregate those funds.

Respondent opposes both branches of petitioner's motion. He concedes all charges except the charge of conversion, which he claims is not sustained. He contends that the suspension, in having continued for one and one-half years beyond its expiration date (October, 1977), is sufficient punishment for any wrongdoing in the present proceeding and therefore, he should now be restored to the practice of law.

In defense against the charge of conversion, respondent argues that (a) at all relevant times he had on hand (in the bank and in cash) far more funds than the amount he was to have placed in escrow, (b) he expected some of the money would ultimately be paid to him as a fee, (c) he was able, on short notice, to gather together sufficient funds to return the escrow money to its rightful owner, and (d) he did not deposit the money in an escrow account because at the time he received the funds he had problems with Internal Revenue and was in fear of attachment by Internal Revenue "even on escrow funds in bank accounts bearing his name".

Respondent's contention that the charge of conversion is not sustained is without merit. Despite respondent's "explanation" of his financial transactions (business and personal), in which he attempted to convey the impression that he did not convert any part of the funds, the evidence at the hearing established that he used, without permission, about $3,200 of the $5,000 escrow money for his personal purposes.

His defenses are insufficient in law. *(Matter of Dalton,* 58 AD2d 913; *AMF Inc. v Algo Distrs.,* 48 AD2d 352, 356-357; *Levy Fabrics v Shapiro Bros. Factors Corp.,* 259 App Div 464, 465.) As stated by the Referee: "[T]here is no doubt that respondent converted escrow funds for his own use * * * The

glaring fact remains that Respondent not only failed to sequester the funds in the proper manner required of an attorney, but admittedly applied them as his own, for his personal expenses and uses." Accordingly, the Referee's finding of respondent's guilt on the charge of conversion (and the other charges) should be confirmed.

Respondent's motion for reinstatement and petitioner's cross application for respondent's disbarment pose the ultimate, weightiest problem for our consideration in this matter. We are confronted with the question: In view of the fact that respondent's suspension of April 18, 1977 for six months has continued in effect for one and one-half years longer, should we deem the additional period of suspension adequate punishment for respondent's offenses in the present matter and reinstate respondent at this time, or alternatively, should we impose an additional sanction?

The Referee unhesitatingly recommended "that a penalty less than disbarment should suffice." He observed that "[n]o one was hurt by Respondent's manipulations in so far as the escrow funds are concerned. More important is the fact that he was able on the day the demand was made upon him, to turn them over in full * * * The clumsy maneuvering with the funds bespeaks a puerile rather than a quasi-criminal handling * * * [and] [a]lready, then, he has suffered some punishment for the acts upon which these charges are predicated."

There can be no doubt respondent committed the conversion with knowledge that there was pending against him at that time a charge of similar misconduct (the December, 1969 to January, 1970 "conversion"). He was served with petition and charge in April, 1976 in the prior matter. Nevertheless, while that proceeding was still open, and cognizant of the charge therein, he committed the present conversion: On January 28, 1977 he received the $5,000 escrow check, on February 11, 1977 he deposited $4,500 of that sum in his personal account and took $500 cash for himself, and between February 14 and 18, 1977 used approximately $3,200 of the money for his own personal purposes, without consent.

His contention that we should consider his prolonged suspension as sufficient to cover the present case because his conduct in this matter occurred before rather than after our order of suspension is unconvincing. The fact that he committed the present conversion knowing that he was under a

charge of professional misconduct for the previous offense adds to the gravity of the instant infraction. It is not as if the second (this) conversion took place before respondent was notified on the first charge of misconduct. If this were the case, we would be inclined to conclude that the "six-month suspension" that lasted two years might be sufficient. That, however, is not the case, for as disclosed by this record, the present conversion occurred after respondent was advised of the first charge.

In the circumstances outlined here, the present misconduct would certainly justify a new suspension for a period of three years. However, in seeking to apply an appropriate sanction, we note that respondent is 74 years of age, has been a member of the Bar since 1929 (until his suspension in April, 1977) and has made complete restitution in each of the two instances in which he was charged with conversion of clients' funds. In view of these factors and the prior suspension which has continued to this date, respondent should be suspended for an additional period terminating December 31, 1979, at which time an appropriate application for reinstatement may be made.

Accordingly, petitioner's motion to confirm the Referee's report finding that the charges against respondent have been sustained should be granted. The Referee's recommendation as to penalty less than disbarment should be adopted and respondent suspended as provided herein. Respondent's motion for reinstatement should be denied at this time.

BIRNS, J. P., LANE, LUPIANO, SILVERMAN and ROSS, JJ., concur.

Petitioner's motion to confirm the Referee's report finding that the charges against respondent have been sustained is granted, the Referee's recommendation as to a penalty less than disbarment is adopted and respondent suspended as an attorney and counselor at law in the State of New York for an additional period terminating December 31, 1979, at which time an appropriate application for reinstatement may be made. Respondent's motion for reinstatement is denied at this time.